IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KHAYREE DEWAYNE DAVIS, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:22-CV-1000-A |
| § | (NO. 4:19-CR-080-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Khayree Dewayne Davis, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply,[1] the record, including the record in the underlying criminal case, and applicable authorities, concludes that the motion should be **DENIED**.

I.   **BACKGROUND**

The record in the underlying criminal case reflects the following:

On March 20, 2019, Movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR ECF No. 13. Movant entered a plea of not guilty. CR ECF No. 17. On April 12, 2019, he appeared before the Court with the intent to change his plea to guilty. CR ECF No. 20. Movant and his attorney signed a factual resume setting forth the maximum penalties faced by Movant, the elements of the offense, and the

---

[1] Along with his reply, Movant filed a motion for leave to file a brief exceeding the applicable page limitations. ECF No. 10. The Court does not consider new arguments made for the first time in a reply. Moreover, the Court has reviewed the proposed brief and cannot find that it provides any persuasive argument in support of his position. Furthermore, the ground to which the brief relates is procedurally barred. Accordingly, the motion is being denied.

stipulated facts establishing that Movant had committed the offense. CR ECF No. 21. Movant testified under oath at re-arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be up to ten years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the indictment; he had read and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR ECF No. 67.

The probation officer prepared the PSR, which reflected that Movant's base offense level was 20. CR ECF No. 24, ¶ 24. He received a four-level increase for use or possession of a firearm in connection with another offense. *Id.* ¶ 25. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 21 and a criminal history category of IV, Movant's guideline imprisonment range was 57 to 71 months. *Id.* ¶ 109. The PSR noted that movant had other pending charges. *Id.* ¶ 110. It also discussed factors that might warrant departure, *id.* ¶¶ 121, 122, and factors that might warrant a sentence outside of the advisory guideline system. *Id.* ¶ 123.

Movant, purporting to act *pro se*, filed a motion to withdraw his plea of guilty, CR ECF No. 27, and a motion titled "Ineffective of Counsel," seeking to fire his court-appointed counsel.

CR ECF No. 28. The Court ordered counsel to meet with Movant and file a report regarding the meeting. CR ECF No. 29. Counsel filed the report, CR ECF No. 30, and a motion to withdraw. CR ECF No. 31. The court appointed Danny Burns ("Burns") to represent Movant at a hearing set to consider whether appointed counsel should be allowed to withdraw. CR ECF No. 32. Movant filed another document titled "Objection" in which he stated that he wanted to represent himself and go to trial. CR ECF No. 35. The Court held a hearing and permitted appointed counsel to withdraw. CR ECF No. 40; CR ECF No. 41. The Court also granted movant's motion to represent himself with Burns as standby counsel. CR ECF No. 42. The Court denied movant's request to withdraw his guilty plea. CR ECF No. 43. The Court later appointed Burns to represent Movant at Movant's request. CR ECF No. 49.

Movant filed an objection to the PSR,[2] CR ECF No. 45, and the probation officer prepared an addendum. CR ECF No. 47. The court sentenced Movant to a term of imprisonment of 80 months. CR ECF No. 56. The sentence was slightly above the advisory guideline range to take into account Movant's terrible criminal history, to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Movant. CR ECF No. 69; CR ECF No. 57. Movant appealed, CR ECF No. 61, and the judgment was affirmed. *United States v. Davis*, No. 19-11188, 2021 WL 6194359 (5th Cir. Dec. 30, 2021). He did not file a petition for writ of certiorari.

## II.     GROUNDS OF THE MOTION

Movant raises five grounds in support of his motion:

(1) Section 922(g) violates the Second Amendment.

---

[2] Movant made other objections to the PSR that were made known to the government and probation officer and were taken into account in the PSR addendum. *See* CR ECF No. 51.

  (2) Section 922(g) is unconstitutional, because it exceeds Congress's commerce power.
  (3) Movant's guilty plea should have been rejected because he did not admit that he knew the firearm had traveled in interstate commerce.
  (4) Section 922(g) is invalid because it is rooted in racial animus. And,
  (5) Movant's attorney rendered ineffective assistance because he refused to file a motion to dismiss the indictment based on the constitutionality of § 922(g).

ECF No. 1 at 2, 5, 11, 12, 17.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

4

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV.   ANALYSIS

Movant's first four grounds should have been raised on appeal and cannot be pursued here absent a showing of cause and prejudice. *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019).

Movant does not appear to be alleging that the first four grounds should have been raised by counsel, but giving him the benefit of the doubt, he could not prevail in any event.

Movant alleges that his court-appointed attorney "Antonio Burns" suffered from a conflict of interest. First, he appears to be conflating the names of the attorneys who appeared on his behalf. Brook Antonio ("Antonio"), an assistant Federal Public Defender, initially appeared on Movant's behalf. Burns was later appointed to represent him. Since Movant alleges that he was prejudiced during pretrial proceedings and plea negotiations, the Court understands him to complain of the conduct of Antonio. Second, the conduct Movant describes, unwillingness to file a motion to dismiss, does not amount to a conflict of interest. *See United States v. Hart*, 557 F.2d 162, 163 (8th Cir. 1977) (refusal to file motions is not an irreconcilable conflict if the basis of the conflict is the defendant's refusal to accept the motions' lack of merit). To meet that test, Movant must show that his counsel actively represented conflicting interests. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). A conflict only exists where counsel is compelled to compromise his duty of loyalty or zealous advocacy to movant by choosing between or blending divergent or competing interests. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). A movant must show more than a speculative or potential conflict. *Id.*; *Beets v. Collins*, 986 F.2d 1478, 1486 (5th Cir. 1993). Movant has not alleged facts sufficient to establish a conflict here.

At best, Movant is claiming that counsel was ineffective for failing to file a motion to dismiss the indictment. However, Movant has not shown that such a motion would have been successful, much less that counsel's conduct fell below an objective standard of reasonableness. Counsel cannot be ineffective for failing to take unmeritorious legal positions. *Ries v. Quarterman*, 522 F.3d 517, 530 (5th Cir. 2008). At the time of Movant's conviction, courts recognized the

6

constitutionality of § 922(g) against Second Amendment challenges. *See, e.g.*, *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017). Moreover, even assuming § 922(g) was later held to be unconstitutional (and it has not been), counsel is not required to foresee future developments in the law and cannot have been ineffective for failing to do so. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009); *United States v. Randall*, 803 F. App'x 768, 771 (5th Cir. 2020).

In sum, the constitutionality of § 922(g) is not open to question. *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003). Recent opinions recognizing the right to keep and bear arms do not suggest that prohibitions on gun possession by convicted felons like Movant are invalid. *See McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010); *Dist. of Columbia v. Heller*, 554 U.S. 570, 626-27, 636 (2008). Contrary to Movant's argument, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), does not suggest that § 922(g) is unconstitutional. *See Range v. AG United States*, 54 F.4th 262 (3rd Cir. 2022); *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074 (7th Cir. Sept. 22, 2022); *United States v. Hill*, No. H-22-249, 2022 WL 17069855, at *5 (S.D. Tex. Nov. 17, 2022).

The argument that § 922(g) exceeds Congress's commerce power is foreclosed on the merits. *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). The argument that Movant had to have known that the gun traveled in interstate commerce is likewise without merit. *United States v. Higgins*, No. 21-10544, 2021 WL 5458121, at *1 (5th Cir. Nov. 22, 2021); *Morton v. United States*, No. 3:19-CV-2144-N-BH, 2022 WL 2811852, at *5 (N.D. Tex. June 13, 2022). And, finally, Movant does not cite, and the court is not aware of, any authority supporting the notion that § 922(g) is somehow invalid under an equal protection theory. The first federal statute disqualifying felons from possessing firearms was not enacted until 1938. *United States v. Skoien*,

614 F.3d 638, 640 (7th Cir. 2010). *See also United States v. Chandler*, 996 F.2d 917, 918 (7th Cir. 1993) (even if a neutral statute disproportionately impacts a racial minority, it is unconstitutional only if that impact can be traced to a discriminatory purpose).

## V.   CONCLUSION

For the reasons discussed, the motion under § 2255 as well as the motion for leave to file a brief that exceeds page limits are **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this 9th day of January, 2023.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE